### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**LYNARD STEWART**                                                                 **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO.** ___3:21-cv-715-TSL-MTP___

**RMI-BROOKHAVEN, INC. F/K/A**
**REED'S METALS, INC.**                                                            **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Lynard Stewart, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII and 42 U.S.C.§1981 for race discrimination and retaliation against the Defendant, RMI Brookhaven, Inc. f/k/a Reed's Metals, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.      Plaintiff, Lynard Stewart, is an adult male who resides in Copiah County, Mississippi.

2.      Defendant, RMI Brookhaven, Inc. f/k/a Reed's Metals, Inc., is a Mississippi corporation that may be served through its registered agent: Brady Kellems, 136 Chippewa Street, Brookhaven, MS 39601.

### JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over the claims asserted against the Defendant and venue is proper in this Court.

4.      Plaintiff timely filed a Charge of Discrimination with the EEOC for Race Discrimination and Retaliation on October 10, 2020, a true and correct copy of which is

1

attached as Exhibit "A."  Plaintiff received a Notice of Right to Sue from the EEOC which was issued on August 10, 2021, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

5.    Plaintiff is a 51-year-old black male resident of Copiah County, Mississippi.

6.    On August 5, 2020, Plaintiff dropped off an application and a copy of his resume with the Defendant to apply for a position as a welder.

7.    On August 11, 2020, Plaintiff was contacted by the Defendant to come in the next day for an interview.

8.    On August 12, 2020, Plaintiff went to RMI-Brookhaven, Inc. f/k/a Reed's Metals, Inc. for his interview.

9.    An employee (white male) of RMI's drove Plaintiff from the main building to the Welding Supervisor in a golf cart.

10.    The Welding Supervisor interviewed Plaintiff about his background and work history.

11.    The employee was still present while Plaintiff told the Welding Supervisor his work history and mentioned that he was a certified welder.

12.    When he mentioned that he was certified, both the employee and the Welding Supervisor laughed.

13.    The Welding Supervisor then instructed Plaintiff to schedule another day to return to perform a welding test.

2

14.     When the interview ended, the RMI's employee drove Plaintiff back to the main office in the golf cart.

15.     During the ride back, the employee stated, "I could teach any monkey how to weld in a week."

16.     Since the word "monkey" has sometimes been used historically in a derogatory and harassing manner to refer to black people, Plaintiff believed the comment discriminated against him due to race.

17.     Later that day, Plaintiff called and spoke to Human Resources Representative Tarika Montgomery.

18.     Plaintiff reported to Ms. Montgomery about the comment and complained that he had been discriminated against due to race.

19.     Ms. Montgomery responded that she would investigate the matter further.

20.     A couple of days later, Plaintiff called the Defendant with the intention of scheduling the welding test, as he had been instructed by the welding supervisor.

21.     At that time Plaintiff was notified that there was no need for him to schedule the welding test, and that the position was now "unavailable."

22.     On October 6, 2020, Plaintiff filed an EEOC Charge of discrimination due to race.

23.     On December 7, 2020, an EEOC Mediation arbitrated by EEOC Mediator Barbara Fuller was attempted to settle the matter between Plaintiff and the Defendant.

24.     During that meeting, for the first time, the Defendant offered Plaintiff the position.

3

25.    Concerned about the possibility of further retaliation, Plaintiff declined the position.

26.    On February 11, 2021, the Defendant responded to Plaintiff's Charge of Discrimination with a Position Statement.

27.    In RMI's Position Statement, the Defendant alleged that it offered the position to Plaintiff on the day that he was interviewed (i.e., on August 8, 2020), and he declined the position.

28.    Plaintiff contends that this allegation is false, and that he was told the position was no longer available, as described above.

29.    Plaintiff maintains that the first and only time RMI offered him the position was December 7, 2020, during the EEOC Mediation.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII AND 42 U.S.C § 1981 - RACE DISCRIMINATION

30.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 29 above as though specifically set forth herein.

31.    Plaintiff is a black male and was more than qualified for the position of welder.

32.    Plaintiff applied for the position of welder with Defendant, and Defendant refused to hire Plaintiff because of his race.

33.    Plaintiff has been discriminated against by the Defendant in the terms and conditions of his employment on the basis of his race, African American.

34.    Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

35.     The acts of the Defendant constitute a willful intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT II: VIOLATION OF TITLE VII AND 42 U.S.C § 1981 - RETALIATION

36.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 34 above as though specifically set forth herein.

36.     Plaintiff has been discriminated against by the Defendant in the terms and conditions of his employment on the basis of his race, African American.

37.     After engaging in protected activity by making a complaint about discrimination related to his race, Plaintiff suffered an adverse employment action, i.e., refusal to hire, as a result of the Defendant's discrimination and retaliatory treatment of Plaintiff.

38.     Plaintiff has been harmed as a result of the Defendant's retaliation, and the Defendant is liable to the Plaintiff for the same.

39.     The acts of the Defendant constitute a willful intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Back wages and reinstatement; or
2.     Future wages in lieu of reinstatement;
3.     Compensatory damages;
4.     Punitive damages;

5.  A tax gross up and all make whole relief;
6.  Attorney's fees;
7.  Lost benefits;
8.  Pre-judgment and post-judgment interest;
9.  Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 4th day of November 2021.

Respectfully submitted,

LYNARD STEWART, Plaintiff

By: /s/Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com